**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLA MCEWEN,<br>Plaintiff,<br>v.<br>PLM LOAN MANAGEMENT SYSTEMS et al.,<br>Defendants. | Case No.: 26-cv-03816-DMS-JAC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*** |

On June 30, 2026, Plaintiff Carla McEwen, proceeding *pro se*, filed this action against Defendants PLM Loan Management Systems, Note Servicing Center, Inc., Chicago Title Insurance, Dennis Conklin, John Mayer, and Does 1–100. (Compl., ECF No. 1 at 1). Plaintiff asserts various federal and state-law claims related to the alleged foreclosure of her home. (*Id.* at 1, 3). Plaintiff concurrently filed a Motion to Proceed *In Forma Pauperis* ("*IFP* Motion"). (*IFP* Mot., ECF No. 2). For the following reasons, the Court directs the Clerk of Court to unseal this action, denies Plaintiff's *IFP* Motion, and dismisses the action without prejudice.

As a preliminary matter, this action was docketed under nature-of-suit code "376 Qui Tam (31 U.S.C. 3729(a))" and placed under seal. (ECF No. 1-1); *see* 31 U.S.C. §§ 3729–3733. Although the Complaint is labeled with "Quit Tam" and "Qui Tam," it does not assert a claim under the False Claims Act or purport to bring any claims on behalf of

the United States. (*See* Compl. 1–3). As a claim has not been asserted under § 3729, the action is not required to be sealed pursuant to § 3730(b)(2). Because no other basis for sealing this case has been identified, the Clerk of Court is directed to unseal this action and correct the nature-of-suit code to reflect the claims plead. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard.").

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a United States district court must pay a filing fee of $405. 28 U.S.C. § 1914(a)–(b).[1] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiff's *IFP* Motion consists of an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239). (*IFP* Mot. 1). Plaintiff appears to report average monthly income over the past twelve months of approximately $15,600 from self-employment, gifts, and her mother's pension, but only $1,200 in expected income for the next month. (*Id.* at 1–2). Plaintiff states that she has $156 in cash but leaves blank the amount she has in other accounts. (*Id.* at 2). Plaintiff lists a home valued at "1,100.00" which was lost in foreclosure and a 2019 Alfa Romeo Stelvio. (*Id.* at 3). Plaintiff itemizes monthly expenses including an illegible amount for utilities, $900 for food, $80 for

---

[1] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

clothing, $500 for homeowner's insurance, and $253 for car insurance, but leaves several lines blank and does not total the amount. (*Id.* at 4–5). Plaintiff states that she is looking for a job and takes care of her 91-year-old mother who "cannot receive any pension benefits until this foreclosure matter is resolved." (*Id.* at 5). Due to the missing figures, illegible writing, and internal inconsistencies, the Court is unable to determine Plaintiff's ability to pay. On this record, Plaintiff has not alleged poverty with the requisite "particularity, definiteness and certainty" to show she "cannot pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, Plaintiff's *IFP* Motion is denied.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the Clerk of Court is **DIRECTED** to unseal this action and correct the nature-of-suit code. Additionally, Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED** and this action is **DISMISSED** without prejudice. Within thirty (30) days of the issuance of this Order, Plaintiff may file a renewed motion with additional information about her economic status or pay the $405 filing fee. If Plaintiff does neither, the Clerk of Court is instructed to close this case.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Hon. Dana M. Sabraw
United States District Judge